United States District Court
Middle District of Florida
Jacksonville Division

VICTORIA MOBLEY,

     Plaintiff,

v.                                  No. 3:23-cv-328-MMH-LLL

OUT OF SIGHT FOODS, LLC,
PAUL DUNBAR,
AND JUSTIN DAVIS,

     Defendants.

---

## Report and Recommendation
### Denying Application to Proceed without Prepaying Costs

Plaintiff Victoria Mobley, proceeding pro se, filed a complaint, doc. 1, and then an amended complaint, doc. 3. Plaintiff attached to her amended complaint a Subpoena to Produce Security Camera Surveillance Footage, doc. 3-1; a Statement of Ownership, doc. 3-2; and forty-two pages of photographs of text messages and corresponding explanations, doc. 3-3. She also applied to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis.[1]

---

[1] Plaintiff filed 17 cases in the Jacksonville Division of the Middle District of Florida between January and August 2023. *See* Case Nos. 3:23-cv-111-HES-MCR; 3:23-cv-112-HES-LLL; 3:23-cv-113-HES-PDB; 3:23-cv-114-BJD-JBT; 3:23-cv-159-HES-MCR; 3:23-cv-160-TJC-JBT; 3:23-cv-328-MMH-LLL; 3:23-cv-378-BJD-JBT; 3:23-cv-379-TJC-LLL; 3:23-cv-513-MMH-LLL; 3:23-cv-514-BJD-LLL; 3:23-cv-516-MMH-MCR; 3:23-cv-517-MMH-PDB;

On November 17, 2023, the Court entered an order, doc. 4, taking plaintiff's motion, doc. 2, under advisement. The Court observed plaintiff's amended complaint was likely subject to dismissal because it was shotgun pleading and it failed to state a claim upon which relief could be granted. The Court directed plaintiff to either file a second amended complaint or, in the alternative, to pay the filing fee no later than December 15, 2023. Doc. 4 at 11. Plaintiff failed to do so. Plaintiff was warned that a failure to file an amended complaint may result in dismissal of her case. *Id.* To date, plaintiff has not filed a second amended complaint or paid the filing fee. Therefore, I respectfully recommend the motion to proceed in forma pauperis, doc. 2, be denied and the amended complaint, doc. 3, be dismissed.

## Authority

Under 28 U.S.C. § 1915(a)(1), the Court may authorize plaintiff to proceed without prepayment of fees if she has shown she is "unable to pay such fees or give security therefor." When reviewing a motion to proceed in forma pauperis, however, the Court must also determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Additionally, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject

---

3:23-cv-518-TJC-LLL; 3:23-cv-519-TJC-PDB; 3:23-cv-946-BJD-LLL; 3:23-cv-995-BJD-LLL. All but the present case have been dismissed.

matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted). Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal diversity jurisdiction, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

As for whether a complaint "fails to state a complaint on which relief may be granted" under section 1915(e)(2)(B)(ii), the Court applies the standard used in Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading which contains "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—those filed without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). That said, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Further, "a litigant's *pro se* status in civil litigation generally will not excuse mistakes [she] makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)).

### Discussion

This action appears to arise out of a dispute between plaintiff and her former employer. Plaintiff explains that defendant hired her as a food service worker in February 2023. Doc. 3 at 3. Plaintiff's trainer, Paula L. Davis, would "harass plaintiff over many things that plaintiff did." *Id.* Further, Davis and an unnamed male co-worker would "repeatedly follow plaintiff with intentions to cause emotional distress." *Id.* Plaintiff also alleges that "[t]he male co-worker was repeatedly calling plaintiff the n-word in a murmuring or muttering tone of voice as he stood right next to her." *Id.* Plaintiff alleges that defendant impermissibly delayed her pay and still owes her money for eight hours she worked on March 13, 2023. *Id.* Defendant eventually fired plaintiff and she alleges numerous reasons that her termination was wrongful, including because "she was the only African American food service employee on duty during

initial opening hours of Out of Sight Foods, LLC."; she reported a "suicide statement" to the Jacksonville Sheriff's office; and her employer allowed "trainer Paula L. Davis to be verbally warned about hostility, workplace aggression, and harassment." *Id.* Plaintiff's invokes several federal and state statutes as a basis for her claims. *See id.* at 5. She requests $75,000 in damages from each defendant, to be reinstated in her work, and court costs. *Id.* at 4.

### A. Plaintiff's amended complaint is procedurally deficient, and must be dismissed.

A pro se litigant is subject to the same laws and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Initially, I find that plaintiff's amended complaint must be dismissed because it is an impermissible shotgun pleading. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). As explained by the Eleventh Circuit, shotgun pleadings are "altogether unacceptable," and "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). There are four categories of shotgun pleadings: 1) a complaint which contains multiple counts where each count adopts the allegations of all preceding counts; 2) a complaint "guilty of the venial sin" of being replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action; 3) a complaint which does not separate into a different count each cause of action or claim for relief; and 4) a complaint which asserts multiple claims against multiple defendants without specifying which defendants are responsible for which act or omission. *See Weiland*, 792 F.3d at 1321-1323.  Plaintiff's amended complaint is deficient because it meets three of the four categories of shotgun pleadings outlined above.

For example, plaintiff lists numerous laws that she alleges were violated without clearly articulating how each defendant allegedly violated each law. Doc. 3 at 2. The facts in her amended complaint are disjointed from their respective causes of action – making it unclear how many counts are contained in the pleadings or what alleged facts are applicable to each cause of action. Her amended complaint also references the same causes of action under different citations, making it appear as though she is attempting to plead them as separate counts.[2] The Court has previously identified these deficiencies, *see* Order, doc. 4, and gave plaintiff an opportunity to correct them by amending her complaint; she failed to do so. Thus, I recommend dismissal.

## B. Plaintiff's claims as pled must be dismissed.

Additionally, and as noted in the Court's previous order, doc. 4, plaintiff cannot proceed on her claims as pled. In the five-page amended complaint, doc. 3, plaintiff includes claims for violations of her civil rights, the Fourteenth Amendment, state criminal statutes, and 42 U.S.C. § 1981. The only claim containing somewhat

---

[2] For example, plaintiff cites the Civil Rights Act of 1964 and Public Law 88-352 – the uncodified citation to the Civil Rights Act of 1964. Doc. 3 at 5.

connected facts are her civil rights claims. Plaintiff seeks to proceed on an alleged violation of Title VII. Title VII makes it unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). "To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that '(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position; (3) [s]he suffered an adverse employment action; and (4) [s]he was . . . treated less favorably than a similarly-situated individual outside [her] protected class.'" *Williamson v. Adventist Health Sys. /Sunbelt, Inc.*, 372 F. App'x 936, 940 (11th Cir. 2010) (alterations in original) (quoting *Maynard v. Bd. Of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003)).

Moreover, "to successfully allege a prima facie retaliation claim under either Title VII . . . or the ADA, a plaintiff must show that [she] (1) engaged in statutorily protected expression; (2) suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (citations omitted).

Plaintiff alleges that she was fired for being African American, which the Court construes to be a discrimination claim. Plaintiff claims she was fired "because she was the only African American food service employee on duty during initial opening hours

of Out of Sight Foods, LLC." *Id.* But plaintiff fails to allege any facts in support of her assertion, other than that she is African American, and she was fired. Plaintiff asserts that another male coworker called her the "n-word." *Id.* That said, this "male co-worker" is unnamed, not alleged to be a party to this suit, and there is no allegation that this person had anything to do with plaintiff's firing. Without more, her claim cannot proceed.

Plaintiff also claims she was fired for reporting a co-worker's "suicide statement" to the police – which the Court construes to be a retaliation claim. But to succeed on retaliation, Plaintiff must allege that she was engaged in statutorily protected expression, specifically that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir.1997) (holding a racially derogatory remark by a co-worker, without more, does not constitute an unlawful employment practice and opposition to such a remark is not statutorily protected conduct). In *Little*, the Court described this standard:

> It is critical to emphasize that a plaintiff's burden under this standard has both a subjective and an objective component. A plaintiff must not only show that [s]he subjectively (that is, in good faith) believed that [her] employer was engaged in unlawful employment practices, but also that [her] belief was objectively reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that [her] belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.

*Id.* As noted above, plaintiff merely alleges that she was fired for reporting a coworker's "suicide statement" to the police. She fails to allege any facts, however, that would support that defendant was engaged in unlawful employment practices, and that plaintiff was opposing those practices by reporting a "suicide statement;" thus her claim cannot proceed.

### Recommendation

I respectfully **recommend** that plaintiff's amended complaint be **dismissed**, her motion to proceed in forma pauperis be denied, and all pending motions terminated.

**Entered** in Jacksonville, Florida, on December 22, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

### Notice

Plaintiff has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Marcia Morales Howard, United States District Judge
Victoria Mobley
     1601-1 North Main Street
     Unit #13214
     Jacksonville, FL 32206